[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13617
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14057-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDWIN HARDING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 13, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Edwin Harding appeals his convictions and total sentence of life imprisonment after Harding pleaded guilty to distribution of child pornography, 18 U.S.C. § 2252(a)(2) and (b)(1); possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) and (b)(2); enticing a minor to engage in prohibited sexual conduct, 18 U.S.C. § 2422(b); and production of child pornography, 18 U.S.C. § 2251(a) and (e).  No reversible error has been shown; we affirm.

I.

On appeal, Harding first argues that his guilty plea was not entered knowingly and voluntarily because the district court failed to inform him adequately of the consequences of his guilty plea.  In particular, Harding contends that he was not informed that he would be required to register as a sex-offender and would be subject to additional restrictions and penalties under federal and state sex-offender-registration laws.

Because Harding raised no objection to the adequacy of his plea proceedings in the district court, we review this argument only for plain error.  See United States v. Rodriguez, 751 F.3d 1244, 1251 (11th Cir. 2014).  Under the plain-error

2

standard, an error is reversible only if it is "clear or obvious, rather than subject to reasonable dispute." United States v. Sosa, 782 F.3d 630, 637 (11th Cir. 2015). We may review "the whole record when considering the effect of any error on substantial rights." United States v. Monroe, 353 F.3d 1346, 1350 (11th Cir. 2003).

The district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). This general obligation requires the court to address the defendant about three core concerns underlying Fed. R. Crim. P. 11, ensuring that (1) the guilty plea is free from coercion; (2) the defendant understands the charges against him; and (3) the defendant is aware of the consequences of his guilty plea. United States v. Camacho, 233 F.3d 1308, 1314 (2000). Rule 11 directs specifically that the court inform the defendant of -- and make sure the defendant understands -- certain matters. See Fed. R. Crim. P. 11(b)(1)(A)-(O). In pertinent part, the district court is obligated to inform defendants of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," and of "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)-(I).

At the plea colloquy, the district court informed Harding that he was waiving important rights and explained in detail the range of possible sentences Harding

3

could face.  Harding was also informed that, by pleading guilty, he would be subject to "substantial restrictions [on] where he may live, work and associate." About those "substantial restrictions," Harding confirmed that he understood that he had no questions, and that he needed no additional time to speak with his lawyer.

We cannot say that the district court committed a clear or obvious error in failing to inform Harding expressly that, upon his release, he would be subject to sex-offender-registration laws.  Nothing in Rule 11 mandates that the district court explain that a defendant convicted of certain sex offenses must comply with federal and state sex-offender-registration laws.  Moreover, even if failing to provide an explicit statement about the sex-offender-registration laws constituted error, such error is not plain or obvious under current law as neither this Court nor the United States Supreme Court directly has addressed the issue.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (explaining that "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

Harding also cannot show that the alleged error affected his substantial rights.  At the time of his plea, Harding understood that he faced the possibility of a total life sentence, mandatory supervised release, and "substantial restrictions" on

4

where he would live, work, and associate.  Particularly given the severity of the sentence at stake when he pleaded guilty, Harding has failed to demonstrate a reasonable probability that -- but for the district court's failure to explain the sex-offender-registration laws -- he would not have entered his plea.  And such a demonstration is required of a defendant seeking reversal of his conviction on grounds that the district court committed plain error under Rule 11.  See United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004).

## II.

Harding next contends that the district court's imposition of a total life sentence was substantively unreasonable.  Harding argues that the district court failed to consider properly certain mitigating factors, including Harding's personal history and characteristics and a 2012 Sentencing Commission report suggesting that the guidelines applicable to non-production child pornography offenses are unduly harsh.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S. Ct. 586, 591 (2007).  The party challenging the reasonableness of a sentence bears the burden of establishing that

the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. We will not vacate a sentence unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

The district court abused no discretion in imposing a total sentence of life imprisonment. First, Harding's sentence is within the applicable guideline range; we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 788.

In determining Harding's sentence, the district court considered expressly the parties' arguments and the section 3553(a) factors. The district court summarized in detail the evidence and witness testimony presented during the sentencing hearing. The court also discussed specifically Harding's personal history and characteristics, including that Harding had had a difficult childhood

6

and suffered from mental illness and substance abuse.  About the Sentencing Commission's 2012 report, the district court acknowledged the report's recommendation for revision of the non-production guidelines but noted that -- in addition to non-production offenses -- Harding had also been charged with enticement and production offenses.  The district court explained at length that a total life sentence was necessary given the nature and circumstances of the offense, the need to reflect the "extremely serious nature" of the crime, the need to promote respect for the law, provide just punishment for the offense, provide adequate deterrence, and to protect the public from further crimes committed by Harding.

On this record, we cannot say that Harding's sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  See Pugh, 515 F.3d at 1203.

AFFIRMED.